# United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**

_____

No. 06-3012
_____

| United States of America, | * | |
|---|---|---|
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Walter Hoskins, III, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: November 7, 2007
Filed: November 30, 2007
_____

Before MURPHY, SMITH, and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

    A jury found Walter Hoskins guilty of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). The district court[1] sentenced him to 235 months in prison and 5 years of supervised release. On appeal, his counsel has moved to withdraw and filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), and Hoskins has filed a pro se supplemental brief. For the reasons discussed below, we affirm.

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

First, following careful review, see United States v. Johnson, 470 F.3d 1234, 1237 (8th Cir. 2006) (appeals court must view evidence in light most favorable to government, accepting all reasonable inferences in support of jury's verdict, and must affirm as long as evidence would allow reasonable-minded jury to find defendant guilty beyond reasonable doubt), cert. denied, 2007 WL 2004796 (2007), and leaving witness-credibility assessments to the jury, see United States v. Tensley, 334 F.3d 790, 794-95 (8th Cir. 2003), we conclude there was sufficient evidence to support the conviction. Hoskins stipulated that he was a convicted felon; probation officers testified that during a visit to his apartment they saw the handle of a gun protruding from bedding; police officers testified that, although they did not find a gun in their subsequent search of the apartment, Hoskins's statements to them suggested that a gun had been present at the time of the probation officers' visit; a jailhouse informant testified that Hoskins admitted he had had a gun in the apartment but had removed it before the police arrived; and a Bureau of Alcohol, Tobacco, and Firearms (ATF) agent testified that a handgun found in Iowa would have traveled in interstate commerce as handguns were not manufactured in Iowa. See United States v. Brown, 422 F.3d 689, 691-92 (8th Cir. 2005) (elements of felon-in-possession offense); see also United States v. Dobbs, 449 F.3d 904, 908, 911 (8th Cir. 2006) (ATF agent's testimony that he was unaware of any firearms manufacturers in Iowa was sufficient to prove that firearm found in Iowa had traveled in interstate commerce), cert. denied, 127 S. Ct. 1312 (2007); United States v. Anderson, 78 F.3d 420, 422-23 (8th Cir. 1996) (proof that defendant possessed firearm may be established solely by eyewitness testimony where gun is not recovered or introduced at trial).

Second, we conclude that Hoskins's sentence, which was at the bottom of the properly calculated advisory Guidelines range, is not unreasonable. See Rita v. United States, 127 S. Ct. 2456, 2462-68 (2007) (allowing appellate presumption of reasonableness); United States v. Harris, 493 F.3d 928, 932 (8th Cir. 2007) (within-Guidelines sentence is presumptively reasonable). At sentencing, the district court discussed the 18 U.S.C. § 3553(a) factors, noting in particular Hoskins's extensive

criminal history, history of drug abuse, and commission of the instant offense while on parole; and nothing in the record suggests the court failed to consider a relevant factor that should have received significant weight, gave significant weight to an improper or irrelevant factor, or committed a clear error of judgment in weighing appropriate factors. See United States v. Haack, 403 F.3d 997, 1003-04 (8th Cir. 2005); see also United States v. Lyons, 403 F.3d 1248, 1256-57 (11th Cir. 2005) (235-month prison sentence for felon-in-possession conviction was not cruel and unusual punishment where defendant had extensive criminal history). We find no abuse of discretion in the court's decision to impose the federal sentence consecutively to an undischarged state sentence. See 18 U.S.C. § 3584(a) (if term of imprisonment is imposed on defendant who is already subject to undischarged term of imprisonment, terms may run concurrently or consecutively).

Finally, after reviewing the record independently pursuant to Penson v. Ohio, 488 U.S. 75 (1988), we conclude that there are no non-frivolous issues for appeal. Accordingly, we grant counsel's motion to withdraw, deny Hoskins's request for substitute counsel, and affirm the judgment of the district court.

_____