# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>WALTER HOSKINS, III,<br><br>    Defendant. | No. CR05-2035-LRR<br><br><br>ORDER |

This matter appears before the court on the defendant's motion for credit toward his sentence for time that he spent in jail (docket no. 87). The clerk's office filed such motion on March 28, 2011.

18 U.S.C. § 3585 directs that a defendant "be given credit toward the service of a term of imprisonment for any time he [or she] has spent in official detention prior to the date the sentence commences [if the official detention was] a result of the offense for which the sentence was imposed . . . ." 18 U.S.C. § 3585(b)(1).

> [T]he Attorney General, through the Bureau of Prisons, has the responsibility for computing a sentencing credit under [18 U.S.C. §] 3585(b). *United States v. Wilson*, 503 U.S. 329, 334-35, 112 S. Ct. 1351, 117 L. Ed. 2d 593 (1992). . . . The Bureau of Prisons is responsible for computing the sentence credit after the defendant has begun serving his [or her] sentence. *Wilson*, 503 U.S. at 335; *see also United States v. Moore*, 978 F.2d 1029, 1031 (8th Cir. 1992). Prisoners are entitled to administrative review of the computation of their credits, 28 C.F.R. §§ 542.10-542.16, and, after properly exhausting these administrative remedies, an inmate may seek judicial review through filing a habeas corpus petition under 28 U.S.C. § 2241. *Wilson*, 503 U.S. at 335; *United States v. Pardue*, 363 F.3d 695, 699 (8th Cir. 2004). These are the proper avenues through which [a defendant] may resolve any

> dispute about the length of his [or her] time in [official detention prior to the date the sentence commences].

*United States v. Tindall*, 455 F.3d 885, 888 (8th Cir. 2006). Clearly, the court does not have the authority to credit the time that the defendant spent in official detention prior to the date his sentence commenced. Moreover, the defendant makes no assertion regarding the administrative remedies that he pursued, and, rather than file a habeas corpus petition under 28 U.S.C. § 2241 in the district where he is confined, the defendant elected to file the instant motion in his underlying criminal case. Accordingly, the defendant's motion for credit toward his sentence for time that he spent in jail (docket no. 87) is denied.

**IT IS SO ORDERED**.

**DATED** this 29th day of March, 2011.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA